UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE OLIVER,<br><br>   Plaintiff,<br><br> vs.<br><br>G. YBARRA, et al.,<br><br>   Defendants. | 1:15-cv-00723-LJO-GSA-PC<br>[Kern County Superior Court Case #S-1500-284184 LHB]<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE REMANDED TO KERN COUNTY SUPERIOR COURT<br>(Doc. 1.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I. BACKGROUND

This is a civil action filed by plaintiff Anthony Wayne Oliver ("Plaintiff"), a state prisoner proceeding pro se. This action was initiated by civil Complaint filed by Plaintiff in the Kern County Superior Court on January 26, 2015 (case #S-1500-CV-284184 LHB). On May 8, 2015, defendants Cable, Cannon, Cano, Mayo, Wallace, and Ybarra ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. §§ 1441(a) and 1446. (Doc. 1.)

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated at California State Prison-Solano in Vacaville, California. The events at issue in the Complaint allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Sergeant G. Ybarra, C. Wallace, R. Cano, J. Cable, K. Cannon, R. Mayo, Officer Torscano, Officer Sanchez, and John/Jane Does 1-15.

Plaintiff seeks relief from the requirements of California Government Code § 945.4, to file a late civil claim with California's Victim Compensation and Government Claims Board

(VCGCB), enabling him to file a late civil complaint (tort) against the defendants. Plaintiff alleges that he had six months to file a timely claim, from July 26, 2013 to January 26, 2014, but he was unable to file his claim until January 28, 2014, because of interference by the defendants. Plaintiff alleges that the defendants denied him access to his legal documents from July 26, 2013 until November 22, 2013, in retaliation for Plaintiff filing grievances against staff, which prevented Plaintiff from presenting a timely claim to the VCGCB.

### III.    REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotations and citation omitted).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

*Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

## IV. DISCUSSION

Defendants argue that the federal court has jurisdiction over this civil action under 28 U.S.C. § 1331, because the case involves "claims for retaliation under the First Amendment and potentially a due process claim under the Fourteenth Amendment." (Notice of Removal at 1:28-2:2.)  Defendants assert that Plaintiff states in the Complaint "he was receiving retaliation" and "illegally separated him from his legal documents preventing him from meeting his court deadlines." (Complaint at 4.)

As stated above, removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint. Gully, 299 U.S. at 112. Plaintiff has titled his Complaint "Notice of Motion and Petition for Relief from the Requirements of California Government Code § 945.4, to File a Late Civil Claim." (Complaint at 1.) Plaintiff seeks as relief *only* a court order granting him relief from the filing requirements of Government Code § 945.4. In support of his Motion for Relief, Plaintiff alleges that prison officials at CCI acted in retaliation against him by denying him access to his legal documents, which prevented him from filing a timely claim. These allegations are not sufficient to state a claim for retaliation under the First Amendment. Nowhere in the Complaint does Plaintiff specifically refer to the federal Constitution or any of its Amendments, 42 U.S.C. § 1983, federal civil rights, or any other federal law in support of his claims. Plaintiff's use of language reciting some elements of federal claims, without more, is not enough to confer federal jurisdiction. Moreover, the relief sought by Plaintiff -- a court order granting him relief from the filing requirements of California Government Code § 945.4 -- is not available at this court.

**California's Government Claims Act[2]**

California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to California's VCGCB no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2015); see also Maynard v. City of San Jose, 37 F.3d 1396, 1406 (9th Cir. 1994). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. E.M. v. Los Angeles Unified School Dist., 194 Cal.App.4th 736, 744 (Cal. 2011); General Sec. Services Corp. v. County of Fresno, 815 F.Supp.2d 1123, 1131 (E.D.Cal. 2011); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 208 (Cal. 2007); General Sec. Services Corp., 815 F.Supp.2d at 1132; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). "'Where compliance with the [California] Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.'" Mangold, 67 F.3d at 1477 (quoting Snipes v. City of Bakersfield, 15 Cal.App.3d 861, 193 Cal.Rptr. 760, 762 (Cal.App. 1983). "Complaints that do not allege any facts demonstrating that a tort claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Shirk, 164 P.3d at 634.

Under California Government Code § 946.6, a would-be claimant may petition a court for an order relieving the petitioner from the requirements of § 945.4. "The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates." Cal. Gov.Code § 946.6(a).

///

///

---

[2] In City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act.

The Ninth Circuit has not decided whether a federal court has jurisdiction to rule on a request for relief from Government Code § 945.4, and there is a split of authority among California's district courts. This Court concurs with Hill v. City of Clovis, which explained:

> Although the Ninth Circuit has not interpreted § 946.6, most California District Courts interpret § 946.6(a) as meaning that only state superior courts, and not federal district courts, may grant relief from Government Code § 945.4. See e.g., Maximo v. San Francisco Unified Sch. Dist., 2011 U.S. Dist. LEXIS 30225, *17–*18, 2011 WL 1045292 (N.D.Cal. Mar. 21, 2011); Hickenbottom v. City of San Rafael, 2010 U.S. Dist. LEXIS 109007, *5, 2010 WL 4009434 (N.D.Cal. Oct. 13, 2010); Ludavico v. Sacramento County, 2009 U.S. Dist. LEXIS 22519, *15–*16, 2009 WL 616868 (E.D.Cal. Mar. 11, 2009); Ovando v. City of Los Angeles, 92 F.Supp.2d 1011, 1022 (C.D.Cal.2000); Hernandez v. McClanahan, 996 F.Supp. 975, 978 (N.D.Cal.1998); Luers v. Smith, 941 F.Supp. 105, 108 (C.D.Cal.1996)). Some courts have reached a contrary conclusion and have held that both state superior courts and federal district courts may grant relief pursuant to § 946.6. See Rahimi v. AMTRAK, 2009 U.S. Dist. LEXIS 59423, *9–* 12, 2009 WL 1883756 (N.D. Cal. June 30, 2009); Perez v. Escondido, 165 F.Supp.2d 1111, 1113 (S.D.Cal.2001). "Rahimi relied on Perez in reaching its conclusion, and Perez in turn relied in part on the language of § 946.6. The language of § 946.6 that Perez relied upon predated amendments that went into effect in 2002. Prior to 2002, § 946.6(a) in pertinent part stated that the "proper court for filing the petition is *a court* which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of the action ...." Cal. Gov.Code § 946.6(a) (2001 ed.) (emphasis added); Perez, 165 F.Supp. at 1113. In distinguishing Hernandez, the Perez court stated that it "finds no basis in the language of section 946.6" for Hernandez's conclusions since "[n]othing in the language of section 946.6 precludes a federal court from adjudicating the merits of a petition for relief. The only provision pointed to either of the courts in Luers and Hernandez is a venue provision." Perez, 165 F.Supp.2d at 1115; see Rahimi, 2009 U.S. Dist. LEXIS 59423 at *10, 2009 WL 1883756. However, since 2002, the language of § 946.6(a) has become more specific. The "proper court" for obtaining relief is no longer "a court," rather it is now "a superior court." See Cal. Gov.Code § 946 .6(a). Section 946.6(a) could have been left unamended with respect to specifically identifying the proper court, but it was changed. Since § 946.6(a) was amended to identify a specific court, and that court is the state superior court, this Court will follow the majority position and conclude that only state superior courts have been given the authority to grant relief pursuant to § 946.6(a). See Maximo, 2011 U.S. Dist. LEXIS 30225 at *17–*18, 2011 WL 1045292; Hickenbottom, 2010 U.S. Dist. LEXIS 109007 at *5, 2010 WL 4009434; Ludavico 2009 U.S. Dist. LEXIS 22519 at *15 n. 8, 2009 WL 616868; Ovando, 92 F.Supp.2d at 1022; Hernandez, 996 F.Supp. at 978; Luers, 941 F.Supp. at 108. Because this Court does not have authority to grant relief under § 946(a), any argument regarding excusable neglect is unavailing.

Hill v. City of Clovis, 2012 WL 787609 at *12 (E.D. Cal., Mar. 9, 2012, 1:11-CV-1391 AWI SMS).

///

Based on the foregoing, the nature of Plaintiff's Complaint on its face creates doubt as to the right of removal in the first instance. Therefore, the court finds that Plaintiff's Complaint does not present a claim arising under federal law to warrant subject matter jurisdiction, and therefore the instant action does not implicate a federal interest sufficient to sustain removal of the action to federal court.

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that the federal court lacks jurisdiction over Plaintiff's Complaint and the action is not removable. Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be remanded to the Kern County Superior Court; and
2. The Clerk be directed to close the case and serve notice of the remand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 16, 2015**              **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE